■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS HARRINGTON, JR., Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered April 30, 1971, convicting him of grand larceny in the third degree (2 counts) and robbery in the second degree, upon

a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Munder, Acting P. J., Latham and Brennan, JJ., concur; Shapiro and Gulotta, JJ., dissent and vote to remand the case to the trial court for a hearing and to hold the appeal in abeyance in the interim, with the following memorandum: Defendant's motion for a hearing as to identification procedures was denied following the prosecutor's opening statement at the trial. The complainant was the only witness at the trial, which took place some 30 months after the commission of the crime. The prosecutor, out of the hearing of the jury, indicated that the complainant had made a photographic identification of defendant within two months after the crime. Defendant had no prior knowledge of such photographic identification and the prosecutor adduced no testimony at the trial concerning such identification. The state of the record does not permit us to determine whether the procedures utilized in the photographic identification were so impermissively suggestive as to give rise to a substantial likelihood of irreparable misidentification (see *Simmons* v. *United States*, 390 U. S. 377, 384). In view of the fact that the photographic identification by the only prosecution witness was made some two months after the crime, we are unable to state with assurance beyond a reasonable doubt that the denial of the hearing was harmless error (cf. *People* v. *Butler*, 35 A D 2d 771). We recognize that the reason proffered by the Trial Judge for the denial of defendant's motion for a hearing was his reliance upon the rationale of *People* v. *Ganci* (27 N Y 2d 418, 427), but the procedure there suggested could not be utilized here, as the testimony necessary for the Judge to make an independent determination was not, and could not properly have been, admitted into evidence. It would have been improper and prejudicial to permit the complainant to bolster himself by testimony of his extrajudicial identification of defendant's photograph (*People* v. *Caserta*, 19 N Y 2d 18, 21; *People* v. *Griffin*, 29 N Y 2d 91, 93). Hence, it would have been unfair to test the fairness of the photographic identification procedure in front of the jury, as such a test would necessarily have required the introduction of evidence normally inadmissible because of its unduly prejudicial nature. If, at a hearing, it would appear that the identification procedures did not meet the due process standards of *Simmons* (*supra*), it would then become necessary for the court to determine whether such impermissible procedures tainted the subsequent in-court identification (cf. *People* v. *Branch*, 34 A D 2d 541). We are unable to determine, on the basis of the record now before us, whether the in-court identification had a basis independent of the photographic identification.